**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:09-cr-139-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **SIDNEY STANTON HANSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

       **THIS MATTER** is before the Court on the Motion for Money Judgment, Preliminary Order of Forfeiture, and Repatriation (Doc. No. 9) filed by the United States.

       In the Bill of Information in this case, the United States sought forfeiture of property, pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), that was proceeds of the 15 U.S.C. § 78ff securities fraud scheme and 18 U.S.C. § 1341 mail fraud scheme charged, property involved in the 18 U.S.C. § 1956 money laundering charged, and substitute property as defined in 21 U.S.C. § 853. Also in the Bill of Information, the United States sought a $33,000,000 money judgment representing the total amount of property that was proceeds of and involved in the crimes alleged. Defendant entered into a Plea Agreement and pled guilty to all counts in the Information. Defendant then briefed the Government on his assets, including assets that are proceeds of crime, property involved in crime, and substitute properties, and including assets in Canada. After the Information was filed and Plea was accepted, and Defendant had briefed the Government on assets, the Government filed a Motion for Money Judgment, Preliminary Order of Forfeiture, and Repatriation Order.

**IT IS, THEREFORE, ORDERED** that the Motion for Money Judgment, Preliminary Order of Forfeiture, and Repatriation (Doc. No. 9) is **GRANTED** such that:

1. Based upon the Bill of Information, Plea Agreement, and facts set forth in the Motion, this Order shall constitute a money judgment for the following property:

> Any and all currency and monetary instruments that were received during, involved in, or used or intended to be used to facilitate the scheme alleged in the Bill of Information, including but not limited to the sum of approximately $33,000,000 in proceeds and funds involved in the alleged violations.

2. Based upon the Bill of Information, Plea Agreement, and facts set forth in the Motion, this Order shall constitute a Preliminary Order of Forfeiture for the following specifically identified properties:

> All funds, in an approximate amount of $586,206.49, held in Dynasty Growth Fund, LLC Bank of America Account XXXXXXXX6316;

> All funds, in an approximate amount of $11,065.81, held in Queen Shoals Capital, LLC Bank of America Account XXXXXXXX1662;

> All funds, in an approximate amount of $108,549.43, held in Queen Shoals, LLC Bank of America Account XXXXXXXX0438;

> All funds, in an approximate amount of $45,772.51, held in Select Fund, LLC Bank of America Account XXXXXXXX6370;

> All funds, in an approximate amount of $15,481.69, held in Select Fund, LLC Bank of America Account XXXXXXXX6367;

> All funds, in an approximate amount of $196,439.39, held in Queen Shoals II, LLC Bank of America Account XXXXXXXX5614;

> All funds, in an approximate amount of $88,133.95, held in Two Oaks Fund, LLC Bank of America Account XXXXXXXX6383;

> Real property, including any buildings, appurtenances, and improvements thereon, located at 130 Lindsey Farm Road, Stony Point, Iredell County, North Carolina, more particularly described in Deed Book 1410, page 394 and Deed Book 226, Page 139 and Estate Book 002E, Page 39 in the Iredell County Register of Deeds;

Real property, including any buildings, appurtenances, and improvements thereon, located at 5919 Maple Street, Charlotte, Mecklenburg County, North Carolina, more particularly described in Deed Book 24507, Page 28, in the Mecklenburg County Public Registry;

Real property, including any buildings, appurtenances, and improvements thereon, located at 1152 Flag Knob Ridge Road, Clendenin, Kanawha County, West Virginia, more particularly described in a deed recorded in the office of the Clerk of the County Commission of Kanawha County, West Virginia, in Deed Book 1518, Page 671; Deed Book 2647, page 363; and Deed Book 2727, Page 250;

All metals, including but not limited to gold and silver ingots, bars, dollars, and coins, seized pursuant to a lawfully executed search in this case on or about May 28, 2009 and currently held in the custody of the Federal Bureau of Investigation;

Funds, monetary instruments, and metals, of an approximate value of at least $4,044,000, held for the benefit of Defendant Hanson or Queen Shoals Group, and in the possession or under the control of Trinity Union Trust, based in Jennings, Louisiana;

Funds, monetary instruments, and metals, of an approximate value of at least $1,823,411.29, held for the benefit of Defendant Hanson or Dynasty Growth Fund, and in the possession or under the control of Kitco, a Canadian company that lists addresses at 620 Cathcart, Suite 900, Montreal, Quebec H3B 1M1, Canada and 64 Lake Street, Suite 101, Rouses Point, NY 12979; and

Any and all interest of Queen Shoals Group, LLC, Queen Shoals, LLC, Queen Shoals II, LLC, Queen Shoals Consultants, LLC, Select Fund, LLC, Two Oaks Fund, LLC, and/or Defendant Hanson in metals to be mined by Consor International, Inc.

3. The Federal Bureau of Investigation, United States Marshals Service, and/or other property custodian for the investigative agency is authorized to seize and maintain possession of all specifically identified properties herein.

4. Pursuant to 21 U.S.C. § 853(n)(1), to the extent that this Order constitutes a Preliminary Order of Forfeiture the Government shall provide notice of this order and of the process for third parties to file claims to the above-listed forfeited property.

5. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture.

Signed: May 25, 2010

Robert J. Conrad, Jr.
Chief United States District Judge